United States District Court
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9
10   DANIEL R. SHOWALTER,                        No. C 05-00548 WHA
11            Plaintiff,
12      v.                                       **ORDER REQUESTING**
                                                 **PLAINTIFF TO AMEND**
13   CHASE MANHATTAN/ PROVIDIAN, a               **COMPLAINT**
     corporation; ASSET ACCEPTANCE, LLC,
14   DISCOVER FINANCIAL SERVICES, a
     corporation; MBNA AMERICA, a corporation;
15   SEARS, a corporation.
16            Defendant.
17   _____/
18        In this financial services case, plaintiff brings claims under the Rosenthal Fair Debt

19   Collection Practices Act ("Rosenthal Act"), the Fair Debt Collection Practices Act ("FDCPA"),

20   and the Fair Crediting Reporting Act ("FCRA") against defendant credit card companies, Chase

21   Manhattan, Asset Acceptance, Discover Financial Services, MBNA America and Sears.

22        One defendant, Discover Financial Services, moves this Court to dismiss for failure to

23   state facts upon which relief may be granted under Rule 12(b)(6) or, alternatively, to require a

24   more definitive statement pursuant to Rule 12(e).  In addition, defendant Discover brings a

25   motion to sever based on joinder of parties.  At this time, the Court grants defendant's motion to

26   dismiss in part and allows plaintiff leave to amend his complaint as addressed below.  The

27   Court will postpone the decision regarding the motion to sever until the complaint is amended.

28        Plaintiff's alleges that defendant Discover falsely reported to credit report agencies that

     plaintiff was severely delinquent in payment of debt (Compl. 11).  In this motion to dismiss,

United States District Court

For the Northern District of California

1    defendant Discover alleges that plaintiff failed to state facts essential to stating claims under the

2    Rosenthal Act, the FDCPA and the FCRA.  Defendant argues that in order for plaintiffs to state

3    a claim under the Rosenthal Act and the FDCPA, plaintiff needs to establish that Discover is a

4    "debt collector" and in order for plaintiff to state a claim under the FCRA, plaintiff needs to

5    establish defendant Discover is either a "consumer reporting agency" or acted willfully and

6    negligently to reinvestigate after receiving notice from a "credit reporting agency" that the

7    credit information they had was inaccurate.

8         Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal for failure to

9    state a claim is appropriate only when it appears beyond doubt that plaintiff can prove no set of

10   facts to support a claim entitling him to relief.  *Conley v. Gibson*, 355 U.S. 41, 46 (1957).  Even

11   if the face of the complaint suggests that the chance of recovery is remote, a court must allow

12   plaintiff the opportunity to develop a case, especially at an early stage of the proceedings.

13   *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).  While Rule 8

14   requires only a short and plain statement of the claim showing that the pleader is entitled to

15   relief, Rule 12(e) allows a party to move to require a more definitive statement if the pleading is

16   so ambiguous that a party cannot reasonably be required to frame a response.

17        The instant complaint suggests that there is a chance of recovery; however, in order to

18   construe the complaint as adequately pled,  the Court would need to accept as true plaintiff's

19   conclusory allegations — something this Court is unwilling to do.  *Cf. SEC v. Seaboard Corp.*,

20   677 F.2d 1315, 1316 (9th Cir. 1982).  *First*, the complaint states that defendants are "in the

21   business of collecting debt in the State of California" and that defendants are "debt collectors"

22   as defined by the FDCPA (Compl. ¶¶ 3, 4).  Considering that defendants must be involved in

23   debt collection for plaintiff to make a claim under the FDCPA and that it is not apparent that

24   defendant Discover is involved in debt collecting, these conclusory statements are not adequate.

25   *See* 15 USC 1692.  *Second*, the complaint states that defendants violated the FCRA by reporting

26   false information to third parties or credit agencies and by failing to conduct a reasonable

27   investigation after plaintiff sent a dispute letter to the credit agencies (Compl. ¶17).  In order for

28   plaintiff to state a claim under the FCRA, he either needs to allege that Discover is a credit

2

United States District Court

For the Northern District of California

1 | reporting agency or that after furnishing information, Discover received notice of plaintiff's

2 | dispute from a consumer reporting agency. *See* 15 USC 1681i. In the instant case, too many

3 | inferential steps are necessary to convince the Court that plaintiff's allegations give defendant

4 | adequate notice of their claim under the FCRA.

5 |      Therefore, the Court grants defendant's motion requesting a more definitive statement

6 | regarding alleged violations of the FDCPA and the FCRA. Specifically, plaintiff should amend

7 | his complaint with regard to the following issues:

8 |      (1)    how, if at all, Defendant Discover is a "debt collector" or involved in collection

9 | of debts as defined by the FDCPA;

10 |      (2)    how, if at all, Defendant Discover is a "consumer reporting agency" as defined

11 | by the FCRA.

12 |      (3)    whether Defendant Discover received notice pursuant to Section 1681s–2(b) of

13 | the FCRA of a consumer reporting dispute.

14 |      An amended complaint that addresses these issues shall be filed and served by June 10,

15 | 2005. Failing that, the court will move to dismiss plaintiff's complaint in part.

16 |

17 |      **IT IS SO ORDERED.**

18 |

19 | Dated: May 10, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE