IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. SHOWALTER,<br><br>    Plaintiff,<br><br>  v.<br><br>CHASE MANHATTAN/ PROVIDIAN, a corporation; ASSET ACCEPTANCE, LLC, DISCOVER FINANCIAL SERVICES, a corporation; MBNA AMERICA, a corporation; SEARS, a corporation.<br><br>    Defendant. | No. C 05-00548 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

In this financial services case, plaintiff brings claims under the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Crediting Reporting Act ("FCRA") against defendant credit card companies, Chase Bank USA, Asset Acceptance, and MBNA America Bank. Defendants Chase and MBNA move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's first amended complaint for failure to state a claim upon which relief can be granted. Defendants' motion to dismiss is **GRANTED**.

**STATEMENT**

Plaintiffs initially filed a complaint against defendant credit card companies, Chase, Asset, MBNA, Discover Financial Services and Sears. Discover moved this Court to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) or alternatively to require a more

definitive statement pursuant to Rule 12(e).  In response, the Court requested plaintiff to amend the complaint.  Following, plaintiff noticed a voluntary dismissal of Sears (Dkt. 26) and settled with Discover (Dkt. 39).  Plaintiff then filed a first amended complaint as to the remaining defendants.

In the amended complaint, plaintiff alleges that Chase and MBNA violated the FCRA and Chase violated the FDCPA.  The amended complaint alleges the following facts with regard to both defendants.  Plaintiff notified both defendants that he was disputing certain information regarding debt that defendants were reporting to credit reporting agencies (Compl. ¶¶ 6,10).  Plaintiff informed defendants that the credit card accounts carrying the debt were not his, that he had never had an account with the defendants and had never received any billing statements from them (*ibid.*).  In addition, plaintiff notified certain major credit reporting agencies of the respective disputes who, in turn, allegedly notified the credit card companies (Compl. ¶¶ 7,11).  Plaintiff alleges that even after being notified, both defendants continued to report false and/or inaccurate information (*ibid*).

**ANALYSIS**

**1.    LEGAL STANDARD FOR MOTION TO DISMISS.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint.  *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996).

A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  If dismissal is granted, leave to amend is "only denied if it is clear that amendment would be futile and 'that deficiencies of the complaint could not be cured by amendment.'"  *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. (1987)).

2

"Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### 2. FAIR DEBT COLLECTION PRACTICES ACT

The first claim for relief of the amended complaint alleges violations of the FDCPA against Chase. The FDCPA was intended "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. 1692(e). As noted by the Ninth Circuit, the purpose of the FDCPA "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Pressley v. Capital Credit & Collection Serv., Inc.*, 760 F.2d 922, 925 (9th Cir. 1985) (*citing* 123 Cong. Rec. S. 27,386 (daily ed. Aug. 5, 1977)). For the reasons stated below, no set of facts support a claim entitling plaintiff to relief under FDCPA.

The facts alleged do not establish that Chase is a "debt collector" under the meaning of the act. FDCPA defines debt collector to mean (15 U.S.C. 1692a(6) (emphasis added)):

> [a]ny person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*.

While the amended complaint states that defendant Chase is "debt collector" as a defined by the FDCPA in Section 1692a(6) (Amend. Compl. ¶ 4), there is not a single fact in the complaint to support such an allegation. As defined in the FDCPA, debt collectors collect debts of "another." The term, "debt collector" does *not* include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C.1692a (6)(A). Under the FDCPA, "creditors" who collect in their own name are not "debt collectors." *Aubert v. American Gen. Fin.*, 137 F.3d 976 (7th Cir. 1998); *Maguire v. Citicorp Retail Services*, 147

3

1  F.3d 232 (2d Cir. 1998). Plaintiff has not alleged that Chase has engaged in any act of debt
2  collection. The facts do not allege that Chase's principle purpose of business is debt collecting
3  nor that Chase collects debts in the name of a third party. Notably, in plaintiff's opposition to
4  defendants' motion to dismiss, plaintiff makes no attempt to establish that Chase is a "debt
5  collector" for the purposes of the FDCPA.

6  Accordingly, no possible claim under the FDCPA has been stated.[1] Plaintiff's claims
7  under FDCPA are dismissed with leave to amend with respect to Chase. Likewise, plaintiff's
8  third cause of action is dismissed with respect to Chase. Plaintiff's third cause of action for
9  punitive damages is premised solely upon defendants' debt-collection activity. Because MBNA
10 is not alleged to have violated the FDCPA, the third cause of action applies only to Chase.
11 Having found that the FDCPA's claims are dismissed with leave to amend with respect to
12 Chase, this order also dismisses plaintiff's third cause of action with respect to Chase with leave
13 to amend.

   **3.   FAIR CREDIT REPORTING ACT**

15 The first cause of action also alleges violations of the FCRA against Chase and MBNA.
16 The FCRA "require[s] that consumer reporting agencies adopt reasonable procedures for
17 meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable
18 to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of
19 such information . . ." 15 U.S.C. 1681(b). Plaintiff alleges violations of Section 1681i(a) and
20 Section 1681s-2(a).

---

[1] Defendants also argues that the complaint cannot withstand a Rule 12(b)(6) motion because the statute of limitations has run. A private lawsuit under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. 1692k(d). Defendants state that "the latest act concerning Chase alleged in the Complaint" took place on April 21, 2003, more than a year before the complaint was filed (Opp. 3). This order questions whether April 21, 2003, started the clock. Plaintiff appears to be alleging continuing violations (Compl. ¶¶ 7,11). This order, however, does not reach the statute of limitations issue because it holds that the amended complaint does not allege any debt collection violation under the FDCPA.

4

1    The facts alleged in the first amended complaint do not establish a violation of Section 1681i(a). Section 1681i(a) pertains only to the duties and liabilities of consumer reporting agencies. Under Section 1681a(f), a "consumer reporting agency" means, in relevant part:

> any person which, for monetary fees, dues . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

By definition, a consumer report does not include "any report containing information solely as to transactions or experiences between the consumer and the person making the report." Plaintiffs allege only that Chase and MBNA reported to third parties information regarding transactions between defendants and plaintiff. Defendants did not, therefore, furnish a consumer report regarding plaintiff, nor did they act as a consumer reporting agency with respect to him.

Neither does the complaint support a claim entitling plaintiff to relief under Section 1681s-2(a). While this section addresses the duties of "furnishers of information" — a term that accurately describes defendants' actions as alleged in the complaint — there is no private right of action for this claim. Section1681s-2(d) states that "subsection (a) . . . shall be enforced exclusively . . . by the Federal agencies and officials and the State officials . . . ." While plaintiffs attempt to find authority for a private right of action in Section 1681n and Section 1681o, Section 1681s-2(c) explicitly states that "Section 1681n and 1681o of this tile *do not apply* to any failure to comply with subsection (a) of this section" (emphasis added).

A plaintiff, however, is not precluded from maintaining a private cause of action against a person who furnishes credit information for violating a duty to investigate the accuracy of reported information upon receiving notice of a dispute under Section 1681s-2(b). While it appears that plaintiff could frame a violation under subsection (b) of the FCRA, the amended complaint does not specifically refer to subdivision (b). Plaintiff argues that "the fact that the first amended complaint does not expressly include a reference to Section 1681s-2(b) is immaterial when facts alleged in the complaint sufficiently state a cause of action under that section" (Opp. 4). This order disagrees. While Federal Rule of Civil Procedure Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the

5

1  plaintiff must, at a minimum, give "fair notice" of the claim being asserted and the grounds upon
2  which it rests. *Conley*, 355 U.S. at 47-48. Here plaintiff neither names the claim nor, as
3  discussed below, gives the grounds upon which the claim rests.

4      Even if plaintiff had referenced Section 1681s-2(b), the facts alleged in the amended
5  complaint do not sufficiently state a cause of action under section (b). In order to state a claim
6  under Section 1681s-2(b), plaintiff must allege facts that defendants willfully or negligently
7  failed to investigate the accuracy of the reported information upon receiving notice of the
8  dispute. The complaint does not do so. The complaint merely states that the credit reporting
9  agencies notified Chase and MBNA of the dispute account and Chase and MBNA continued to
10 report false and/or accurate information to said credit agencies. To construe the complaint as
11 adequately pled, the Court would need to accept the inference that plaintiff draws from these
12 events — that, upon receiving notice, defendants failed to conduct a proper investigation of the
13 credit dispute and, as a result continued to report false and/or accurate information. The Court is
14 not willing to connect so many dots.

15     Plaintiff relies on *Cisneros v. TransUnion, LLC*, 293 F. Supp. 2d 1167 (D. Haw. 2003), to
16 support his position that the complaint was adequately pled. In *Cisneros*, the district court
17 concluded the complaint was vague, but it found the complaint sufficient to allege a violation of
18 Section1681s-2(b). The facts in *Cisneros*, however, were distinguishable. Unlike this
19 complaint, the complaint in *Cisneros* specifically referred to the statute and alleged that the
20 defendants "failed to conduct a reasonable or timely reinvestigation of the contested report." *Id.*
21 at 1174. In addition, the complaint provided a chronology of correspondence between plaintiff
22 and defendants that included references to "post-reinvestigation reports." Unlike in *Cisneros*,
23 here, too many inferential steps are necessary to convince the Court that plaintiff's allegations
24 rise to a claim under FCRA.

25     Accordingly, this order dismisses plaintiff's claim under Section 1681i(a) and Section
26 1681s-2(a) and grants plaintiff leave to amend complaint to plead a claim under Section1s-2(b).

27
28

6

### 4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Having dismissed plaintiff's claims under FDCPA with leave to amend and having dismissed plaintiff's claim under FCRA with prejudice with the exception of granting plaintiff leave to amend under the subpart (b) of Section 1s-2, this order now turns to plaintiff's claim of intentional infliction of emotional distress.

The elements of the cause of action for intentional infliction of emotional distress are as follows: (1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress and (3) the outrageous conduct was the actual and proximate cause of the emotional distress. To be outrageous, conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (1979).

Plaintiff has not made sufficient allegations of outrageous conduct. The complaint merely makes a conclusory statement that "defendants' conduct was intentional, outrageous, malicious and done with ill will with the intent of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress" (Compl. 21). The factual allegations in the complaint do not support this conclusion. With regard to MBNA, plaintiff alleged that defendant continued to report debt after receiving notice of dispute. This alleged conduct does not meet the definition of extreme and outrageous conduct. Plaintiff also alleged that MBNA began "harassing Plaintiff into paying debt that was not his." This alleged fact, however, is irrelevant to the analysis, as the plaintiff does not bring a claim against MBNA for violating duties with regard to debt collecting; plaintiff only brings a claim against MBNA for violating duties relating to furnishing credit information. With regard to Chase, plaintiff only alleges that defendants continued to report false and/or inaccurate information to credit agencies. Again, this conduct does not meet the definition of extreme and outrageous conduct.

Defendants also contends that the intentional infliction claim is preempted with regard to the FCRA claims. Having decided that the alleged facts do not support a claim of intention infliction of emotional distress, this order declines to decide this issue. Notably, plaintiff, in his

7

1  opposition to defendants' motion to dismiss, has not attempted to show how his complaint
2  proves a set of facts to support a claim of intentional infliction of emotional distress. This order
3  holds that plaintiff has failed to state a claim of intentional infliction of emotion distress and
4  dismisses the claim with leave to amend.

## CONCLUSION

The Court grants defendants' motion to dismiss. If plaintiff chooses to amend this complaint a second time, plaintiff should amend his complaint by stating a claim under Section 1681s-2(b) of the FCRA. In addition, to sustain a claim under the FDCPA, plaintiff must amend complaint to establish that Chase is a "debt collector" as defined by the FDCPA. An amended complaint that addresses these issues shall be filed and served by September 8, 2005. Failing that, the Court will move to dismiss plaintiff's complaint in part.

**IT IS SO ORDERED.**

Dated: August 18, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE